UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.: **05-089-C-EJL** |
|---|---|---|
| Plaintiff, | ) | **MEMORANDUM, DECISION, AND ORDER** |
| vs. | ) | |
| WAYNE CALVIN WHITE, | ) | |
| Defendant. | ) | |

Pending before the Court in the above-entitled matter is the motion by defense counsel to withdraw as counsel for the Defendant, Wayne C. White. The affidavit of counsel states that on July 25, 2005 Defendant contacted counsel's office and advised that he intended to retain counsel to represent him in the above-referenced matter. Counsel sent a letter on August 4, 2005 and telephoned Defendant on August 10, 2005 to confirm new counsel had been employed. To date Defendant has not communicated with counsel.

The Defendant is charged with three counts of distribution of cocaine, one count of possession with intent to distribute cocaine, and one count of conspiracy to distribute

cocaine. (Dkt. No. 1). Defendant currently released subject to certain conditions. (Dkt. Nos. 6, 8). A trial court's decision to release counsel is an exercise of its discretion. <u>United States v. Williams</u>, 717 F.2d 473 (9th Cir. 1983) (citing <u>Glavin v. United States</u>, 396 F.2d 725, 726 (9th Cir. 1968)). Local Criminal Rule 44.1(b) states that "[a]n attorney who has appeared for a defendant may thereafter withdraw only upon notice to the defendant and all parties to the case and after order fo the court finding good cause exists and granting leave to withdraw." Pursuant to the local rule, the attorney is required to continue to represent the defendant "until leave to withdraw is granted by [the] court as provided in 18 U.S.C. §3006A" and as provided by the Judicial Counsel of the Ninth Circuit. <u>See</u> Local Criminal Rule 44.1(b).

The Court accepts counsel's representation and finds good cause exists to grant the same. Mr. Miller is directed to serve this order on Defendant by way of certified mail forthwith and filed a notice of service with the Court. Defendant shall have twenty days in which to file a notice indicating how he intends to proceed in this matter, whether by way of retained counsel, pro se, or otherwise. Defense counsel shall continue to represent Defendant until the twenty-days have expired. After which time, Defense counsel John E. Miller will be relieved of his responsibilities in this matter.

## ORDER

**IT IS HEREBY ORDERED** as follows:

1) The motion to withdraw (Docket No. 16) is **GRANTED**. Mr. Miller shall serve Defendant with a copy of this order by certified mail forthwith and continue to represent Defendant for twenty days following the filing of the proof of service with the court.

2) Defendant has twenty days from the receipt of this order to file a written notice indicating how he intends to proceed in this matter.

3) The trial date is set for November 28, 2005 at 1:00 p.m. in Coeur d'Alene, Idaho.

DATED: **August 15, 2005**

Honorable Edward J. Lodge
U. S. District Judge